CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 12 2006
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT SAMPSON, ) | |
| Plaintiff, ) | Civil Action No. 7:06cv00310 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| ROCKINGHAM COUNTY JAIL, ) | |
| et al., ) | By: Samuel G. Wilson |
| Defendants. ) | United States District Judge |

Plaintiff Robert Sampson, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, alleging that correctional employees have refused to provide him with law books, have refused to make immediate free copies of his legal documents, and denied him personal and legal supplies for a one week period. Sampson seeks $ 13,000 in damages. The court finds that Sampson's complaint fails to state a claim upon which the court may grant relief; and, therefore, dismisses this action without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

I.

On May 23, 2006, Sampson's complaint was conditionally filed and he was advised that he failed to allege facts stating a constitutional claim against anyone. The court directed Sampson to amend his complaint to name specific defendants and to specify what harm, if any, he has suffered as a result of the alleged constitutional violations. Sampson filed a motion to amend on May 31, 2006, in which he named specific defendants and the alleged constitutional violations committed by those defendants. For good cause shown, Sampson's motion to amend is hereby granted.

1

## II.

Sampson alleges that while incarcerated at the Rockingham County Jail, he has had "restricted" access to legal materials. Specifically, he claims that he did not immediately receive all of the law books he requested, but instead was put on a rotation to get the requested books and was advised that he could only receive two law books at a time. Sampson also claims that, during the week of May 4, 2006, correctional officers did not provide him with adequate paper and envelopes. However, Sampson concedes that earlier that week he was given five envelopes and five pieces of paper. Additionally, Sampson complains that, on occasion, correctional officers have refused to immediately copy his "legal materials," but admits that correctional officers have advised him that, because the materials are handwritten, institutional personnel must examine them to determine if they qualify as legal material before copying them for free. Finally, Sampson claims that, on one occasion, officers misplaced his legal materials for three days, but he admits that officers eventually returned the items to him undamaged.

Despite being specifically advised to amend to his complaint to allege particular details about how the defendants' alleged failure to immediately provide him with additional envelopes, paper, and law books and to immediately copy his legal materials impeded his ability to contact the court or prosecute a civil action; how the three day loss of some of his legal materials interfered with his litigatious efforts; what, if any, deadlines he missed as a result of the defendants' alleged interference; and the effect, if any, the defendants' delay or interference had in any matters pending before the court, Sampson still failed to allege any actual harm as a result of the alleged violations.

## III.

2

Reasonable access by prisoners to both state and federal courts is a guaranteed right. Ex parte Hull, 312 U.S. 456 (1941); see Procunier v. Martinez, 416 U.S. 396 (1974). However, in addition to showing some interference with this right or some deficiency in the legal resources available to him, an inmate claiming officials have denied him access to the courts must demonstrate actual injury or specific harm related to litigation involving a challenge to the conditions of his confinement or the fact of his confinement. Lewis v. Casey, 518 U.S. 343 (1996); Strickler v. Waters, 989 F.2d 1375 (4th Cir. 1993). Sampson laments that prison officials are denying him access to the courts by failing to immediately provide him with extra envelopes and paper, by putting him on a rotation for law books, and by reviewing his handwritten legal materials before making free copies; however, he does not remotely suggest that these delays have caused him actual injury. Further, Sampson's filing of the current suit, amendments to this suit, and extensive filings in his other pending civil matter[1] suggest that prison officials have not hindered his ability to correspond with the courts. As such, Sampson has failed to demonstrate any actual injury or specific harm and, therefore, fails to state a claim under the First Amendment.

### IV.

For the stated reasons, the court dismisses Sampson's complaint pursuant to § 1915A(b)(1) for failure to state a claim.

---

[1] See Civil Action No. 7:06cv00194, Sampson v. Rockingham County Jail, et al.

3

**ENTER:** This 12th day of June, 2006.

_____
UNITED STATES DISTRICT JUDGE

4